UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-8903-DMG (AFMx) | Date | November 18, 2021 |
| Title | *Colony Ins. Co. v. United Specialty Ins. Co.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On November 12, 2021, Plaintiff Colony Insurance Company initiated this insurance coverage dispute against Defendant United Specialty Insurance Company, based on an underlying property damage lawsuit that Defendant allegedly has a duty to defend. Compl. [Doc. # 1]. Plaintiff asserts causes of action for declaratory relief on the duty to defend, contribution, and equitable subrogation. *Id.* Plaintiff asserts subject matter jurisdiction based on diversity of citizenship. *Id.* at ¶ 3.

Diversity jurisdiction under 28 U.S.C. § 1332 requires that the parties to the suit are of diverse citizenship and that the amount in controversy exceeds $75,000. For diversity purposes, a corporation is deemed to be a citizen of both the state in which it has been incorporated and the state where it has its principal place of business. *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)).

Plaintiff has alleged insufficient facts for the Court to determine that the parties are diverse or that the action satisfies the $75,000 threshold. Other than a conclusory statement that "the amount in controversy exceeds $75,000," the Complaint does not otherwise appear to indicate the damages amount that Plaintiff seeks. *See* Compl. ¶ 3. The underlying lawsuit arises from property damage to a single-family home allegedly caused by a construction contractor. *Id.* at ¶ 6. The Complaint does not indicate that the value of this damage exceeds $75,000, or that Plaintiff has incurred more than $75,000 in defense costs for which it is entitled to contribution.

Additionally, the Complaint alleges that Plaintiff is "a legal entity duly organized and existing under and by virtue of the laws of the State of Virginia," and that Defendant is "a legal entity duly organized and existing under and by virtue of the laws of the State of Delaware," but it does not allege either corporation's principal place of business. *See id.* at ¶ 1-2. Accordingly, the Court cannot assess if the parties' citizenship is diverse.

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-8903-DMG (AFMx) | Date | November 18, 2021 |
| Title | *Colony Ins. Co. v. United Specialty Ins. Co.* | Page | 2 of 2 |

Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. It shall file its response by no later than **November 29, 2021**. An amended Complaint that sufficiently alleges a basis for subject matter jurisdiction will suffice to discharge this OSC.

**IT IS SO ORDERED.**